IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02294-PSF-MJW

VALARIE KAY KRALICEK,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS RIO BLANCO COUNTY; and
BONNIE RUCKMAN, Individually and in her official capacity as Director of
the Rio Blanco County Department of Social Services,

    Defendants.

## ORDER ON PRELIMINARY INJUNCTION MOTION

This matter is before the Court on Plaintiff's "Motion for Temporary Restraining Order and for Preliminary Injunction Pursuant to Fed. R. Civ. P. 65" (Dkt. # 3). Defendants filed a Response to Plaintiff's Motion for Temporary Restraining Order on November 22, 2005 (Dkt. # 8). Plaintiff Valarie Kay Kralicek filed her Reply on November 29, 2005 (Dkt. # 13). Pursuant to an Order dated December 12, 2005 (Dkt. # 16), this Court held a hearing on the preliminary injunction part of plaintiff's motion on Wednesday, December 28, 2005. The Court determined that the circumstances were not of an emergency nature requiring an immediate hearing. Thus, the part of plaintiff's motion seeking a temporary restraining order was denied. The remaining request for a preliminary injunction is addressed below.

**I. BACKGROUND**

This action stems from the removal of Ms. Kralicek's son from her custody and his temporary placement in foster care. Defendants have developed a treatment plan that would presumably allow the plaintiff to reunify with her son. Pl.'s Mot. for Prelim. Inj. at 2. It is undisputed that Ms. Kralicek has a developmental disability in the form of mild mental retardation. She "can learn new tasks, but she learns them more slowly than the average person. . . . She reads at approximately the first grade level, she can perform only rudimentary mathematical functions. . . . She also has an expressive communication disorder." Forsman Aff. at 1, attached to Pl.'s Mot.

Plaintiff alleges that defendants' "failure to provide reasonable modifications to policies practices and procedures necessary" for her to complete the treatment plan in violates Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Pl.'s Mot. at 2. In her preliminary injunction motion, Ms. Kralicek requests that this Court direct defendants to extend the time in which to complete her treatment plan for an additional six months; to refrain from filing a motion to terminate parental rights until after the additional six-month period; and to lengthen visitation with her son from two two-hour visits to two five-hour visits weekly. *Id.* at 32.

Ms. Kralicek has since modified her request after defendants filed a motion to terminate parental rights on November 16, 2005, the day after the plaintiff filed her motion for a temporary restraining order with this Court. Ms. Kralicek now requests the Court to direct defendants to withdraw their motion to terminate parental rights. *See*

Pl.'s Reply at 31-32.  By Order of this Court dated December 12, 2005 (Dkt. # 16), plaintiff's motion to file an amended complaint (Dkt. # 11) was granted.  Ms. Kralicek's Amended and Supplemental Complaint includes a claim that "Defendants have discriminated against Plaintiff, in violation of 42 U.S.C. § 12203 and its implementing regulations, by retaliating against Plaintiff for filing a federal complaint and for seeking a temporary restraining order and preliminary injunction."  Pl.'s Amend. Compl. at 9, ¶ 41.  A hearing is set to begin in the state district court for Rio Blanco County on April 3, 2006.  Its purpose is to determine the permanent placement of Ms. Kralicek's son and the defendants' motion to terminate her parental rights.

## II. MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION PURSUANT TO F.R.CIV.P. 65

### A. Abstention

By Order of this Court dated November 15, 2005 (Dkt. # 5), defendants were instructed to respond to plaintiff's motion for injunctive relief, and to address the Court's concern that abstention may be appropriate in this case.  Defendants' Response (Dkt. # 8) cited the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) and quoted Tenth Circuit case law for the proposition that under that doctrine, "federal courts should not interfere with state court proceedings by granting equitable relief–such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings–when a state forum provides an adequate avenue for relief."  Def.'s Resp. at 2 (quoting *Weitzel v. Div. of Occupational and Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001) (internal quotations omitted)).

The *Younger* abstention doctrine applies when there is 1) an ongoing state judicial proceeding; 2) the presence of an important state interest; and 3) an adequate opportunity to raise federal claims in the state proceedings. *See, e.g., Seneca-Cayuga Tribe of Okla. v. Oklahoma*, 874 F.2d 709, 711 (10th Cir. 1989). Although *Younger* abstention is the "exception, not the rule," *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (internal quotations omitted), once the three requirements are met, it is not discretionary: "the district court must abstain once the conditions are met, absent extraordinary circumstances." *Weitzel*, 240 F.3d at 875 (internal quotations omitted).

Here, the ongoing state judicial proceeding in Rio Blanco County involving Ms. Kralicek and her son satisfies the first requirement. The family relations and child custody issues raised certainly represent important state interests. *See Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir. 1996) ("family relations are a traditional area of state concern") (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)). Moreover, Ms. Kralicek has an adequate opportunity to raise her federal claims in the state proceedings. *See Community Hosp. v. Fail*, 969 P.2d 667, 672 (Colo. 1998) ("State courts have concurrent jurisdiction with federal courts in ADA cases."); *accord Doe v. State of Conn., Dep't of Health Servs.*, 75 F.3d 81, 86 (2d Cir. 1996) (abstaining under *Younger* and noting that plaintiff "can interpose the ADA as a defense in the ongoing state proceedings, and can secure reversal of any determination that conflicts with the ADA in the [state] courts and (ultimately) in the United States Supreme Court").

Ms. Kralicek argues that the third requirement for *Younger* abstention is not met,

as she does not have an adequate opportunity to raise her ADA claims in the underlying state judicial proceeding for two reasons: the Colorado Court of Appeals has held that the ADA is not a defense to the termination of parental rights and her ADA claim will be evaluated at the state court level under a "best interests of the child" standard as required by C.R.S. § 19-3-604(3) and cases interpreting that statute. *See* Pl.'s Reply at 12. Ms. Kralicek's arguments are unpersuasive. As she notes in her Reply, "a plaintiff has an adequate opportunity to raise federal claims in state court unless state law clearly bars the interposition of the federal statutory and constitutional claims." *Id.* at 14-15 (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (internal quotations omitted)). Colorado law, however, does not "clearly bar[]" Ms. Kralicek's ADA claim in this situation even though such a claim, however meritorious, may not displace what is primary in a custody determination–the best interests of the child. Plaintiff may well have other remedies if successful on an ADA counterclaim in state court.

Reliance on the Colorado Court of Appeals case, *People ex rel. T.B.*, 12 P.3d 1221, 1223 (Colo. App. 2000), is misplaced. The case held that a drug-dependent mother with mental and criminal problems could not raise the ADA as a defense in a termination of parental rights proceeding. *Id.* at 1223. However, the case does not prohibit a mother from asserting her rights under the ADA in the state court proceedings leading up to a termination hearing. In particular, *People ex rel. T.B.* does not prohibit Ms. Kralicek from challenging under the ADA the current treatment plan in place prior to the April 3, 2006 hearing. Here, Ms. Kralicek's attorney admitted at the

5

December 28, 2005 hearing before this Court that plaintiff has not requested the state court to grant the requested modifications that she claims are required under the ADA.

Although the Supremacy Clause of the U.S. Constitution requires defendants to abide by federal law, including the ADA, Ms. Kralicek fails to demonstrate that the state "best interests of the child" standard is incompatible with the ADA or that the state court would not give deference to ADA considerations where appropriate. The ADA's implementing regulation requires "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(a)(7). *See also Williams v. Jewell*, 107 F.3d 881 at *2 (Table) (10th Cir. 1997) ("[E]ven the most '[m]inimal respect for the state processes . . . precludes any *presumption* that the state courts will not safeguard federal constitutional rights.") (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (emphasis in original); *accord Stone v. Daviess County Div. of Children and Family Servs.*, 656 N.E.2d 824, 830 (Ind. App. 1995) (no supremacy conflict between Indiana statute allowing termination of parental rights and ADA). Plaintiff here has made no showing that the ADA would not be considered by the state court at least for purposes of pre-hearing visitation arrangements between her and her son.

Ms. Kralicek does not argue that exceptional circumstances exist rendering the mandatory *Younger* absention inapplicable. Further, *Younger* abstention "is particularly applicable in a case . . . where the pending state proceeding may rectify

6

any constitutional violations." *Weitzel*, 240 F.3d at 876.  Here, the state court may decide to grant the relief requested here and/or not to terminate plaintiff's parental rights factoring in plaintiff's developmental disability, mindful of any rights she may have under the ADA and giving them such deference to which they are entitled in such a proceeding.  Also, irrespective of any ruling on plaintiff's parental rights, the state court may consider pre-hearing visitation adjustments between mother and son to cure any existing ADA violation or simply to ensure procedural and substantive fairness under state law.  Therefore, this Court abstains under *Younger* from granting the injunctive relief requested.

Additionally, this Court notes its concern about the domestic relations exception to federal court jurisdiction.  Although this exception to the extent based on federal question jurisdiction is unclear (*see Johnson v. Rodrigues*, 226 F.3d 1103, 1111 n.4 (10th Cir. 2000)), it has been generally held that a federal lawsuit must not improperly entangle the court in domestic relations issues.  *See United States v. Bigford*, 365 F.3d 859, 869 (10th Cir. 2004) ("There is a strong common law presumption that the federal government should not become involved in determinations of substantive issues of family law."); *Johnson*, 226 F.3d at 1111-12 (holding that domestic relations exception to federal diversity jurisdiction applied to extent plaintiff sought injunction commanding defendants to return child to plaintiff based on diversity jurisdiction, but domestic relations exception did not bar plaintiff's constitutional challenge or his tort claim challenge to Utah statutes).  Although this Court may determine whether or not defendants are comporting with the ADA, it may not make actual family law

determinations or decrees.  *See Johnson*, 226 F.3d at 1111 ("[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees.").  The nature of proffered testimony at the hearing before this Court on December 28, 2005, suggests that plaintiff's request at least in part improperly seeks this Court's determination of family law determinations that are by law relegated to the courts of the state of Colorado.

### B.  Merits

Even if *Younger* abstention did not apply, plaintiff's request for injunctive relief would have been denied on the merits.  To obtain a preliminary injunction, a moving party must establish "(1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest."  *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1262 (10th Cir. 2005) (quoting *SCFC ILC, Inc., v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).

Defendants contend that Ms. Kralicek cannot meet the second requirement, a showing of irreparable injury.  *See* Defs.' Resp. at 11.  Because no action affecting plaintiff's parental rights will occur until at least the April 3, 2006 hearing, Ms. Kralicek has until then to fulfill the terms of the treatment plan and perhaps avoid termination of her parental rights.  *Id.*  Defendants also maintain that any injury is not certain, as a

court must still order termination of her parental rights following a hearing before Ms. Kralicek will suffer the alleged injury. *Id.* at 12.

The Tenth Circuit requires an injury to be *certain* before temporary injunctive relief is appropriate. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1262 (10th Cir. 2004) (although "[d]etermining whether irreparable harm exists can be a difficult and close question . . . the injury must be both certain and great, and . . . not be merely serious or substantial") (citations and internal quotations omitted); *Heideman v. S. Salt Lake City*, 348 F.3d 1182 (10th Cir. 2003) ("To constitute irreparable harm, an injury must be certain, great, actual and not theoretical. . . . The party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm.") (citations and internal quotations omitted; emphasis in original). Here, Ms. Kralicek's injury–the termination of her parental rights–is undoubtedly serious, but it is not certain or imminent.[1] With ongoing state court litigation, it is only theoretical and not appropriate for preliminary injunctive relief, which is "an extraordinary remedy." *Schrier v. University of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (citations and internal quotations omitted). Given such strict standards for

---

[1] Although Ms. Kralicek argues that it is "certain" she will not be permitted longer visitation periods with her son and that defendants will evaluate her without providing requested modifications, the Court finds that this anticipated injury is also not "certain," as Ms. Kralicek has not requested such modifications from the state court, but only from defendants themselves, who maintain that such relief is properly sought in the state court and not from defendants. *See* Def's Resp. at 12 (citing attached depositions); Stip., ¶ 6. There is no reason to believe that the state court judge would not consider such a modification request (which are made and considered daily by Colorado's state courts) fairly and impartially applying applicable law.

injunctive relief and the prematurity of the request in these circumstances, the plaintiff has not met the required showing of irreparable injury.

Furthermore, Ms. Kralicek has not met the first requirement, substantial likelihood of success on the merits. She has not shown that either the possible termination of parental rights or the current visitation arrangements and treatment plan timeline will likely be shown to violate her rights. Neither the briefs submitted to or the hearing before this Court demonstrate that defendants' failure to provide the requested modifications violates plaintiff's rights under the ADA or the Rehabilitation Act. There is no evidence that the denial of modifications by defendants is based on plaintiff's disability rather than on the state's legitimate interest to act in the best interests of the child. For purposes of the pending motion only, the Court finds credible the testimony of defendants' expert witness, Dr. C. Maureen Cole, who expressed her belief that the requested modifications would be detrimental to Ms. Kralicek's son. Defendants appear to be acting reasonably in reliance upon her recommendations regarding visitation. *See, e.g.*, Def.'s Ex. 17 at 9, Interactional Observations (report by Dr. Cole provided to the assigned caseworker recommending that visitations between Ms. Kralicek and her son "be limited in duration to no more than 1/2-hour at a time" based on her observations). Additionally, Plaintiff presents no evidence from which a court could conclude that extending the number of hours per week that she spends with her son to ten would comply with the ADA, but keeping it at four violates it. Finally, plaintiff has not established that the Colorado Court of Appeals decision in *People ex rel. T.B.*, precluding an ADA defense in parental termination proceedings, was wrongly decided.

Moreover, even assuming for purposes of this merits analysis the truth of Ms. Kralicek's contention that she does not have an adequate opportunity to raise her ADA claims in the underlying state judicial proceeding, the Court notes that her argument cuts squarely against her likelihood of success on the merits. In line with the Colorado Court of Appeal's reasoning in *People ex rel. T.B.*, many state courts have held that termination of parental rights are not government services, programs, or activities covered by the ADA, and thus termination proceedings are not preempted by the federal legislation. *See, e.g.*, *In re Terry*, 240 Mich. App. 14, 610 N.W.2d 563 (2000) and cases cited therein; *see also* Zimmerman, *Parents' Mental Illness or Mental Deficiency as Ground for Termination of Parental Rights–Applicability of Americans with Disabilities Act*, 119 A.L.R. 5th 351 (2005) and cases cited therein. Therefore, it has not been shown that a trial on the merits is likely to result in a favorable determination for Ms. Kralicek.

In addition to the substantive weaknesses discussed above, the preliminary injunction sought by plaintiff falls squarely into the Tenth Circuit's "specifcally disfavored preliminary injunctions," which include 1) those that alter the status quo; 2) those that are mandatory rather than prohibitory; and 3) those that afford the movant essentially all the relief that it could recover at the conclusion of a full trial on the merits. *Schrier*, 427 F.3d at 1259 (10th Cir. 2005); *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1247 n.4 (10th Cir. 2001). The relief sought by Ms. Kralicek both alters the status quo by changing the current visitation guidelines and time frame that are in place and is mandatory in that it requires the defendants to make those

changes rather than prohibiting them from doing something.  Such a disfavored injunction "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Schrier*, 427 F.3d at 1259 (internal quotations omitted).  For the reasons stated above, Ms. Kralicek's motion for preliminary injunction does not meet the requirements for granting such interim relief.

### III. CONCLUSION

Based on the *Younger* abstention doctrine, this Court DENIES plaintiff's motion for preliminary injunction (Dkt. # 3).  Alternatively, plaintiff's motion is DENIED on the merits.  This Court's abstention ruling does not necessarily extend to plaintiff's Amended Complaint, and therefore counsel for the parties are ordered to attend a scheduling conference to be held **Wednesday, April 26, 2006 at 2:00 p.m.**  Counsel are directed to comply with D.C.COLO.L.CivR. 16.1 and Appendix F of the Local Rules of Practice in anticipation of the scheduling conference.

DATED: January 11, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge